# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

| | | | |
|---|---|---|---|
| MARGARET ANDERSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 5:19-cv-152 |
| | ) | | |
| GC SERVICES, | ) | | |
| LIMITED PARRNTERSHIP, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARGARET ANDERSON, by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LIMITED PARTNERSHIP:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Bonifay, Holmes County, State of Florida.

8. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from

Plaintiff.

12. Defendant is a collection agency based the City of Houston, Harris County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from allegedly owed by Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, or household purposes.

21. In or around October 2018, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several numbers, including 904-204-5034, which is one of Defendant's telephone numbers.

23. Defendant calls Plaintiff on her landline telephone at xxx-xxx-1967 in an attempt to collect the alleged debt.

24. Since Defendant began calling Plaintiff, Plaintiff has answered several of Defendant's collection calls.

25. During the above-referenced collection calls, Plaintiff told Defendant to stop calling her.

26. During the above-referenced collection calls, Defendant's collectors also threatened to garnish Plaintiff's Supplemental Security Income benefits toward payment of the alleged debt.

27. Despite Plaintiff telling Defendant to stop calling her, Defendant's collectors

continue to call Plaintiff unabated.

28. Defendant places collection calls to Plaintiff at an annoying and harassing rate.

29. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

30. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

31. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

32. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

33. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

34. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

35. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

36. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**COUNT I:**

## GC SERVICES, LIMITED PARTNERSHIP VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

37. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate and continued to call Plaintiff after Plaintiff told Defendant to stop calling her;

    b.  Defendant violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits and such threat is to take an action that cannot legally be taken or that is not intended to be taken by Defendant;

    c.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate;

    d.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with

the collection of any debt when Defendant engaged in at least the following discrete violations of § 1692e;

e. Defendant violated § 1692e(1) of the FDCPA by its false implication that the debt collector is vouched for, bonded by, or affiliated with the United States when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits;

f. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits;

g. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits;

h. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in at least the

foregoing discrete violations of § 1692e;

i.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein; and

j.  Defendant violated § 1692f(6) of the FDCPA by its taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits.

WHEREFORE, Plaintiff MARGARET ANDERSON, respectfully requests judgment be entered against GC SERVICES, LIMITED PARTNERSHIP, for the following:

a.  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b.  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**GC SERVICES, LIMITED PARTNERSHIP VIOLATED THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT**

38. Plaintiff repeats and realleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. Defendant violated the FCCPA based on the following:

a. Defendant violated § 559.72(7) of the FCCPA by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass him or his family when Defendant called Plaintiff at an annoying and harassing rate and then continuing to do so after Plaintiff told Defendant to stop calling her;

b. Defendant further violated § 559.72(7) of the FCCPA by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits and such threat is to take an action that cannot legally be taken or that is not intended to be taken by Defendant; and

c. Defendant violated § 559.72(9) of the FCCPA by its claim, attempt, or threat to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such

person knows that the right does not exist when Defendant threatened to garnish Plaintiff's Supplemental Security Income benefits and such threat is to take an action that cannot legally be taken or that is not intended to be taken by Defendant.

WHEREFORE, Plaintiff, MARGARET ANDERSON, respectfully requests judgment be entered against GC SERVICES, LIMITED PARTNERSHIP, for the following:

40. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

41. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

42. Punitive damages and equitable relief, including enjoining GC SERVICES, LIMITED PARTNERSHIP from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

43. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 6, 2019                 By:  /s/ Shireen Hormozdi
                                    Shireen Hormozdi
                                    Florida Bar No. 0882461
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road
                                    Suite 175
                                    Norcross, GA 30093
                                    Tel: 678-395-7795
                                    Fax: 866-929-2434
                                    shireen@agrusslawfirm.com
                                    shireen@norcrosslawfirm.com
                                    Attorney for Plaintiff